# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### MARTINSBURG

GWENDOLYN V. MCBRIDE and
KEVIN MCBRIDE,

      Plaintiffs,

v.                                             CIVIL ACTION NO.: 3:15-CV-10
                                                          (GROH)

NATIONSTAR MORTGAGE LLC,

      Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

Pending before the Court is Defendant Nationstar Mortgage LLC's Motion to Dismiss [ECF 7] the complaint pursuant to Federal Rule of Procedure 12(b)(6). For the following reasons, the Court **GRANTS** this motion.

### I. Background

The *pro se* Plaintiffs[1] initiated this case on February 3, 2015 by filing a complaint against Nationstar Mortgage LLC ("Nationstar"). Their complaint states that this matter is brought under 28 U.S.C. § 1443, "Civil Rights Cases," and 15 U.S.C. § 1692a-1692p, the Fair Debt Collection Practices Act. The Plaintiffs specifically reference 15 U.S.C. § 1692g(a), which describes the necessary contents of a "notice of debt." Under that statute, the Plaintiffs allege "[t]he servicing company has yet to produce a Validation of Debt that can be deemed 'Admissible' as required by law." The Plaintiffs also cite multiple provisions of the Uniform Commercial Code. The Plaintiffs state that Nationstar "is attempting a [third-

---

[1] Because the Plaintiffs are proceeding *pro se*, the Court liberally construes their filings. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

party] claim against [the Plaintiffs] in Status to his/her private property." The Plaintiffs aver Nationstar lacks standing and subject matter jurisdiction. The complaint also states that "the Collection Company does not have a living body to be cross examined or confronted within the matter to give standing or subject matter jurisdiction." As damages, the Plaintiffs seek three times the value of their home to compensate them for "repeated harassment, extortion tactics, and mental anguish" at the hands of the "Third Party with no proven true standing within this matter."

On March 2, 2015, Nationstar filed the instant motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). On March 5, 2015, the Court issued a notice advising the Plaintiffs of their right to file responsive material pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975) and giving them thirty days to do so. On March 27, 2015, the Plaintiffs filed a response to the motion to dismiss. Then, on March 30, 2015, the Plaintiffs moved the Court to disregard the response and replace it with a motion to supplement the record. The Court granted this motion and accordingly directed the Clerk to file the motion to supplement as the Plaintiffs' response to the motion to dismiss. Nationstar thereafter filed a reply.[2]

## II. Standard of Review

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) allows a defendant to challenge the complaint's sufficiency in this regard by moving to dismiss a complaint for failing "to state a claim upon which relief can be granted." To survive a Rule 12(b)(6)

---

[2] The Plaintiffs filed a surreply on April 23, 2015. ECF 24. Because they did not obtain this Court's leave to do so as Local Rule 7.02(b)(3) requires, the Court disregards the surreply.

motion, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although Rule 8's pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Id. (quoting Twombly, 550 U.S. at 555, 557). The plausibility standard applies to *pro se* complaints, Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008), but courts liberally construe such complaints. Beaudett, 775 F.2d at 1278.

When reviewing a Rule 12(b)(6) motion, courts assume that the complaint's well-pleaded allegations are true, resolve all doubts and inferences in favor of the plaintiff and view the allegations in a light most favorable to the plaintiff. Edwards, 178 F.3d at 243-44. Only factual allegations receive the presumption of truth. Iqbal, 556 U.S. at 678-79. A court may also consider facts derived from sources beyond the four corners of the complaint, including documents attached to the complaint, documents attached to the motion to dismiss "so long as they are integral to the complaint and authentic" and facts subject to judicial notice under Federal Rule of Evidence 201. Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

### III. Discussion

Nationstar argues that the complaint is devoid of any factual allegations that could state a plausible claim for relief. In response, the Plaintiffs rely solely on the affidavit of

3

Eliyshuwa Shaphat Yisrael.  Nationstar argues that the Court should not consider this affidavit because it is unsigned and does not contain a notary attestation and, moreover, Yisrael's purported "expert" opinion is unreliable and inadmissible under Federal Rule of Evidence 702.

As a primary matter, the Court will not consider the Plaintiffs' proffered affidavit, sworn to by Yisrael.  The affidavit is improper because it lacks the affiant's signature and a notary stamp or seal.  See GTC Servs., LLC v. Region Q Workforce Inv. Consortium, Civil Action No. 4:13-CV-161-D, 2015 WL 1730321, at *4 (E.D.N.C. Apr. 14, 2015) (striking affidavit for same reason).  Further, the contents of the affidavit appear unreliable, if not bizarre.  The affiant, Yisrael, states that the affidavit is meant "for informational purposes only and is not to be construed as 'legal advice,'" but he asserts myriad legal conclusions pertaining to specific loans and mortgages.  Thus, the Court finds Yisrael's affidavit unreliable and irrelevant to the motion to dismiss.

Turning to the motion to dismiss, the complaint is comprised of bare assertions that the Plaintiffs have suffered under violations of constitutional law, multiple federal statutes and the Uniform Commercial Code.  These allegations are "devoid of further factual enhancement."  See Iqbal, 556 U.S. at 678.  Indeed, the complaint contains few facts of any sort.  Most of the allegations in the complaint are irrelevant and do not concern Nationstar. For example, the Plaintiffs aver "[t]he bank didn't inform me that according to the Uniform Commercial Code . . . your signature on a promissory note is worth cash (Money)," and thus the bank is required to give the Plaintiffs "a cash receipt for the note to zero out the debt."  The Plaintiffs also allege a "servicing company has yet to produce a Validation of Debt that can be deemed 'Admissible' as required by law" and that an

unidentified "Third Party" subjected them to harassment, extortion tactics and mental anguish. But they do not provide any facts from which the Court could find a plausible claim to relief. See Twombly, 550 U.S. at 570. Accordingly, even taking the complaint's allegations as true and liberally construing the Plaintiffs' filings, dismissal is appropriate because the complaint does not state a claim upon which relief can be granted.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the Defendant's Motion to Dismiss and accordingly **DISMISSES** this action **WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

The Court **FURTHER ORDERS** this case stricken from the Court's docket.

The Clerk is **DIRECTED** to enter Judgment in this matter.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and *pro se* parties.

**DATED:** May 15, 2015

_____
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE